Matter of **THIRD AVENUE TRANSIT CORPORATION**, Surface Transportation Corporation of New York, Westchester Street Transportation Company, Inc., The Westchester Electric Railroad Company, Warontas Press, Inc., Debtors.

United States District Court
S. D. New York.
May 3, 1955.

624

Saxe, Bacon, O'Shea & Bryan, New York City, Edward Burns, New York City, of counsel, for trustee.

John L. Flynn, New York City, for claimant Sicilian Asphalt Paving Co., Inc.

DIMOCK, District Judge.

Six unsecured creditors of these debtors dispute the Trustee's failure to classify their claims as "six-months claims". Possible preferential treatment of an as yet undetermined extent turns upon such classification. In the Trustee's proposed plan of reorganization "six-months claims" are described, in Article I, as follows:

"*Six-Months Claims:* All claims, as defined,[1] which are entitled to pri-

1. "*Claims:* Claims against the debtors or their properties, except stock, whether or not such claims are provable under Section 63 of the Bankruptcy Act and wheth- er secured or unsecured, liquidated or un- liquidated, fixed or contingent, proofs of which have been or shall be filed and which have been or shall be allowed or if

ority consisting mainly of claims for current expenses of ordinary operations incurred by the debtors without the extension of long term credit and within six months prior to the appointment of the Trustee in the reorganization proceedings."

It is agreed by all concerned that the claims referred to are those given priority by the rule first laid down in Fosdick v. Schall, 99 U.S. 235, 25 L.Ed. 339. I must first ascertain what that rule is and then apply it. Its ascertainment is not easy. The researches of counsel supplemented by such research as has been at my command have not resulted in the discovery of any principle which would account for all of the decisions or even enough of the decisions so that one might say that there was a principle behind them.

Long ago the Supreme Court, after an examination of the cases, remarked "It is apparent from an examination of the above cases that the decision in each one depended upon its special facts. This court has uniformly refrained from laying down any rule as absolutely controlling in every case * * *." Southern R. v. Carnegie Steel Co., 176 U.S. 257, 284–285, 20 S.Ct. 347, 358, 44 L.Ed. 458. An experienced practitioner in the field, as quoted in Fitzgibbon's "The Present Status of the Six-Months' Rule," 34 Col. Law Rev. 230, 238, n. 36, stated the same thing more bluntly. I have such difficulty in deciding each claim "on its special facts" when I do not know what the considerations are that ought to control my decision that I feel that I must fall back on some statement of the rule even though "not absolutely controlling in every case".

■ It seems to me that there is very general acceptance of a rule which will dispose of all of the questions here presented. That rule is as stated by Franklin W. M. Cutcheon, Esq., as quoted by Fitzgibbon [2] as follows:

not so filed have been listed by the Trustee in a liquidated amount and not disputed." (Definition in the Trustee's plan.)

"Debts contracted by the railroad company within a reasonably short time prior to a receivership, whether under a foreclosure bill or a creditor's bill, that is to say, within a period, usually fixed at six months * * * for labor, supplies or material or repairs necessary for the operation of the railroad as a going concern, if it does not appear that credit was given in reliance upon the railroad company's personal credit or some special security, are preferred over the lien of a mortgage and the claims of bondholders as to net income, whether that of the railroad company or that of its receivers, even if necessary as to income impounded by the mortgage trustee. * * *

"Debts of the railroad company for money loaned, for new construction, for general reconstruction (as distinguished from repairs), for the purchase of land and right of way, for additions and betterments which are not chargeable to operation, for the purchase of new equipment, for so-called car rentals payable under equipment trust agreements, for rentals under leases, for guarantees of securities of other corporations and for tort claims do not fall within the class of preferred claims, even as to surplus income, unless some special equity attaches to the claim."

■ Certain additional requisites to entitle claims to "six-months" status are stated in another expression of the rule. That is the often quoted formulation by the District Court in Guaranty Trust Co. of New York v. Albia Coal Co., 8 Cir., 36 F.2d 34, at page 35:

" '(1) That the consideration for the claim was a current expense of ordinary operation of the railroad,

**2.** The Present Status of the Six Months' Rule, 34 Col.Law · Rev. 230, 234–235, supra.

necessarily incurred to keep it a going concern.

" '(2) That the claim represents a debt contracted with the expectation or intention of the parties that it was to be paid out of the current earnings of the railroad.

" '(3) That the claim shall have accrued within six months prior to the appointment of the receiver.' "

 While these expressions of the rule indicate its application only to railroads, its application to public service companies is general.[3]

The cases bear out the limitation in the rule as above stated to "labor, supplies or material or repairs". No matter how necessary the services of the president of the company may be to its continued operation, the president's salary has no priority. National Bank of Augusta v. Carolina, K. & W. R. Co., C.C.D.S.C., 63 F. 25. No matter how necessary it is for the company to have quarters to operate in, the landlord's claim for rent, not being for "supplies or material or repairs", is never given priority so far as the reported cases disclose.

The facts from which each of the claims arose have been stipulated as have been the amounts of the claims.

\* \* \* \* \*

The Claim of Sicilian Asphalt Paving Company, Inc.

Sicilian Asphalt Paving Company, Inc., claims against the debtor Surface in the amount of $24,447.68. Claimant provided material and labor on debtor's order for the repair of pavement of the city streets. This was in fulfillment of debtor's obligation, under New York Railroad Law, Consol.Laws, c. 49, § 178, and under a number of its franchises, to maintain the paving around its abandoned trolley tracks. Claimant argues that the work was necessary to keep debtor's business in operation, saying that the City of New York would have found means to stop that operation if the obligations were not fulfilled. No claim is made that debtor's busses could not physically operate on the streets without the repairs.

The debtor, in repairing the pavement, was paying a form of rent for the use of the streets. Even if its operation could be arrested for failure to pay that rent the nature of the obligation as one to pay rent remains. A claim for rent of a right of way is not a "six-months claim". New York, P. & O. R. Co. v. New York, L. E. & W. R. Co., C.C. N.D.Ohio, E.D., 58 F. 268, 281, per Lurton, J. The debtor cannot convert it into a "six-months claim" by agreeing to pay the rent in labor and materials.

Classification of Sicilian's claim as a "six-months claim" is denied.

---

3. See cases cited by Fitzgibbon, op. cit. p. 233, n. 8.