**JOHNSON FARE BOX COMPANY,**
Claimant-Appellant,

v.

**Lester T. DOYLE, Trustee in Reorganization of Third Avenue Transit Corporation, Debtor, Respondent-Appellee.**

In the Matters of **THIRD AVENUE TRANSIT CORPORATION et al.,**
Debtors.

**No. 100, Docket 24731.**

United States Court of Appeals
Second Circuit.

Argued Dec. 5, 1957.

Decided Jan. 6, 1958.

Joseph Lorenz, New York City (Lorenz, Finn & Giardino, John F. X. Finn, Jr., New York City, on the brief), for claimant-appellant, Johnson Fare Box Company.

John A. Kiser, New York City (Saxe, Bacon & O'Shea, Edward D. Burns, New York City, on the brief), for Lester T. Doyle, Reorganization Trustee-Appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and SMITH, District Judge.

PER CURIAM.

Between February 7, 1949 and June 10, 1949 Johnson Fare Box Company (referred to as "Johnson") sold and delivered to the debtors 225 new fare boxes for use on their buses. The purchase prices of these fare boxes totaled $43,-533.84. On June 21, 1949 trustees in bankruptcy were appointed for the debtors. Thereafter Johnson filed with the trustees claims for the purchase prices of these fare boxes, and sought a priority over bondholders and general creditors (except those in similar position to Johnson) under the so-called six months' priority rule, i. e., priority given to certain types of debts incurred within the six months preceding the appointment of trustees. These new fare boxes were required because of an increase in fare from five to seven cents. The old boxes would not register the new fare correctly if a nickel and two pennies were deposited because they were designed to record a nickel as one fare and a dime as two fares. Unfortunately a penny reacted in the box in the same manner as a dime so that the bus operator was confronted with the problem of trying to prevent the passengers from putting pennies in the box or, if unsuccessful, having more fares recorded and charged against him than passengers carried. Delay, confusion and dissatisfaction resulted.

The reason or motive, however, prompting the debtors to purchase the new boxes does not supply the answer to the legal question as to whether Johnson should be entitled to priority over secured and general creditors.

■■ The so-called six months' priority rule is an invasion of the established contract rights of lienholders. As an invasion the rule should be strictly contained within narrow confines and limited to the purposes which brought it into being. In summary, the rule assumes that debts contracted during a short period, usually fixed at six months before a receivership, for labor, supplies or repairs necessary for a company's operation so redound to the benefit of the lienholders and other creditors that they should receive preferred treatment. On the other hand, new equipment purchased and new construction as distinguished from repairs would not fall within the preferred class. Thus, no matter how advantageous to the efficiency of the debtors' operations a purchase of new buses, for example, might have been, such indebtedness would not be entitled to a priority. As a practical matter, fare boxes were carried on the debtors' books as "Fixed assets operating property" and the debtors used "a ten-year write-off period for all fare box equipment."

As the court below said in a previous decision (In re Third Avenue Transit Corporation, D.C., 138 F.Supp. 623, 625, affirmed 2 Cir., 1956, 230 F.2d 425) it is very difficult to discover "any principle which would account for all of the decisions" and that the only generality obtainable from an examination of the cases [1] is that "the decision in each one depended upon its special facts."

■ The conclusion reached by the court below that "the fare boxes were not 'labor, supplies or material' but rather 'new equipment' " was a proper interpretation and application of the rule and the order appealed from is affirmed.

Affirmed.

1. Fosdick v. Schall, 99 U.S. 235, 25 L.Ed. 339; Guaranty Trust Company v. Seaboard Air Line Ry. Co., D.C., 14 F.Supp. 555, affirmed sub nom. Union Switch & Signal Co. v. Powell, 4 Cir., 84 F.2d 25; Crane Co. v. Fidelity Trust Co., 9 Cir., 238 F. 693. Compare Southern Railway Co. v. Carnegie Steel Co., 176 U.S. 257, 20 S.Ct. 347, 44 L.Ed. 458 (allowing priority for purchases of rails) with Lackawanna Iron & Coal Co. v. Farmers' Loan & Trust Co., 176 U.S. 298, 20 S.Ct. 363, 44 L.Ed. 475 (decided the same day as the Southern Railway case but denying priority for purchases of rails). See generally FitzGibbon, The Present Status of the Six Months' Rule, 34 Col.L.Rev. 230.